IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | CASE NO.   7:20-cv-420 |
| 0.647 ACRES OF LAND, MORE OR LESS, SITUATE IN HIDALGO COUNTY STATE OF TEXAS; AND HIDALGO COUNTY, TEXAS, ET AL., | § § § § § § § § | |
| *Defendants.* | § | |

**JOINT MOTION FOR ORDER ESTABLISHING JUST COMPENSATION, GRANTING POSSESSION, AND DISTRIBUTING FUNDS ON DEPOSIT IN THE REGISTRY OF THE COURT FOR TRACTS RGV-WSL-2023 & RGV-WSL-2023-1**

1. On December 18, 2020, the United States filed a Declaration of Taking for the condemnation of a fee simple interest in real property identified as Tracts RGV-WSL-2023 and RGV-WSL-2023-1 (hereinafter "Subject Property").[1] On January 13, 2021, the United States deposited $4,300.00 into the Registry of the Court as estimated just compensation for the Subject Property.[2]

2. The United States obtained a waiver of service of judicial process from Defendants/landowners: Barbara Griffin[3], Carolyn Williams[4], Frank W. Closner[5], George Bennett

---

[1] Dkt. No. 3.
[2] Dkt. No. 3, Schedule F; Dkt. No. 23.
[3] Dkt. No. 6.
[4] Dkt. No. 7.
[5] Dkt. No. 8.

Closner[6], George Douglas Clancey[7], Pablo "Paul" Villarreal, Jr., Hidalgo County Tax Assessor-Collector[8], John Closner Clancey in his capacity as the Executor of the Estate of Annette Closner Clancey[9], John James "Jay Closner, III, a/k/a John Closner, III, a/k/a John J. Closner, III in his capacity as the Executor of the Estate of John James Closner a/k/a John J. Closner, Jr.[10], Paul Hampton[11], Richard "Dick" Anthony Ross a/k/a Dick Ross in his capacity as the Executor of the Estate of Jeannette Closner Ross[12], Mary Kathryn Griffin Norris in her capacity as the Executrix of the Estate of John William Griffin[13], and Hidalgo County, Texas.[14]

3. The United States personally served Kathleen Serna, Executrix for the Estate of Carlos Serna with summons a notice of condemnation.[15] The United States also served notice of condemnation to "The Unknown Heirs of John Closner and The Unknown Heirs of Alice Closner" via publication.[16] However, no heirs have made an appearance or otherwise notified the United States of their potential interest in the Subject Property.

4. The United States obtained disclaimers from Defendants Ann Closner Barnett[17], Carmela Robinson[18], Gail Griffin Thomason[19], John Calhoun Monk, Jr.[20], Pamela C Hudson[21], and Pablo "Paul" Villarreal, Jr., Hidalgo County Tax Assessor Collector,[22] who were ultimately

---

[6] Dkt. No. 9.
[7] Dkt. No. 10.
[8] Dkt. No. 11. The Hidalgo County Tax Assessor-Collector subsequently executed a disclaimer and was dismissed from the case. *See* FN 22 & 23.
[9] Dkt. Nos. 12 & 45.
[10] Dkt. Nos. 13 & 45.
[11] Dkt. No. 14.
[12] Dkt. Nos. 15 & 45.
[13] Dkt. Nos. 16 & 45.
[14] Dkt. No. 22.
[15] Dkt. No. 34.
[16] Dkt. Nos. 28 & 33.
[17] Dkt. No. 17.
[18] Dkt. No. 18.
[19] Dkt. No. 19.
[20] Dkt. No. 20. Mr. Monk disclaimed and was dismissed in his individual capacity.
[21] Dkt. No. 21.
[22] Dkt. No. 37.

dismissed from the case on January 29, 2021.[23]

5. On July 1, 2021, the Court granted a motion to add Shameen K. Hampton, in her capacity as the Executrix of the Estate of Frederick Eugene Hampton, and John Calhoun Monk, Jr., in his capacity as the Executor of the Estate of Elizabeth Closner Griffin a/k/a Elizabeth Griffin Monk as defendants.[24] Both defendants waived service of judicial process.[25]

6. On July 8, 2021, the Court determined that Tract RGV-WSL-2023 and 0.60 acres of Tract RGV-WSL-2023-1 was solely owned by Defendant Hidalgo County, Texas.[26] Moreover, the Court determined that the remaining 0.288 acres of RGV-WSL-2023-1 were owned by: (1) Hidalgo County, Texas (1/2 undivided interest); (2) John Closner Clancey, in his capacity as Executor of the Estate of Annette Closner Clancey (1/9 undivided interest); (3) Frank W. Closner (1/18 undivided interest); (4) George Bennett Closner, a/k/a Bennett Closner (1/18 undivided interest); (5) John James Closner, III, in his capacity as Executor of the Estate of John James Closner a/k/a John J. Closner, Jr. (1/9 undivided interest); (6) Paul Closner Hampton (1/48 undivided interest); (7) Shameen K. Hampton, in her capacity as Executrix of the Estate of Frederick Eugene Hampton (1/48 undivided interest); (8) Richard "Dick" Anthony Ross, in his capacity as Executor of the Estate of Jeannette Closner Ross (1/24 undivided interest); (9) Mary Kathryn Griffin Norris, in her capacity as Executrix of the Estate of John William Griffin (1/36 undivided interest); (10) Barbara Louise Griffin (1/72 undivided interest); (11) Carolyn Davis Williams (1/72 undivided interest); and (12) John Calhoun Monk, Jr., in his capacity as the Executor of the Estate of Elizabeth Closner Griffin, a/k/a Elizabeth Closner Griffin Monk (1/36

---

[23] Dkt. Nos. 24 & 38.
[24] Dkt. Nos. 42 & 44.
[25] Dkt. Nos. 49 & 50.
[26] Dkt. No. 48.

undivided interest).[27]

    7. Thus, the United States and Defendants now make this joint motion for an Order: (a) establishing four thousand three hundred and 00/100 dollars ($4,300.00) as the total just compensation for the Subject Property; (b) granting the United States immediate possession of the Subject Property; (c) disbursing the stipulated amount of just compensation, as directed below, from the funds on deposit in the Registry of the Court for the Subject Property; and (d) closing this case on the Court's docket. As grounds for this motion, the parties jointly state:

    a. The United States and Defendants confirm and agree that the full and just compensation payable by the United States for the taking of the Subject Property shall be the sum of four thousand three hundred and 00/100 dollars ($4,300.00) plus any accrued interest, which sum is all inclusive and in full satisfaction of any claims of whatsoever nature by the Defendants against the United States for the institution and prosecution of the above-captioned action.

    b. The parties respectfully request that judgment be entered against the United States in the amount of four thousand three hundred and 00/100 dollars ($4,300.00) for its taking of the Subject Property along with any accrued interest.

    c. The United States has previously deposited four thousand three hundred and 00/100 dollars ($4,300.00) into the Registry of the Court. The United States and Defendants agree that title to the Subject Property has vested in the United States by operation of law.

    d. The parties agree that the United States shall be entitled to immediate possession of the Subject Property, and all persons in possession or control of the interests taken in this

---

[27] *Id.*

    property should be ordered by the Court to surrender possession of the same to the United States.

e. The total sum of four thousand three hundred and 00/100 dollars ($4,300.00) currently on deposit with the Registry of the Court, with accrued interest, shall be subject to all real estate taxes, liens, encumbrances, and charges of whatsoever nature existing against the interests in the property taken in this proceeding at the time of vesting of title in the United States, and all such real estate taxes, liens, encumbrances, and charges of whatsoever nature shall be payable and deductible from this sum.

f. Upon the Court's Order entering judgment in accord with this stipulation of just compensation for the Subject Property, the parties seek immediate disbursement of four thousand three hundred and 00/100 dollars ($4,300.00) on deposit in the Registry of the Court, together with any accrued interest earned thereon from the initial deposit date of January 13, 2021[28], to be disbursed as follows:

1. $3,342.97 to Hidalgo County, Texas with accrued interest from the date of deposit;
2. $212.67 to John Closner Clancey, in his capacity as Executor of the Estate of Annette Closner Clancey with accrued interest from the date of deposit;
3. $106.34 to Frank W. Closner with accrued interest from the date of deposit;
4. $106.34 to George Bennett Closner, a/k/a Bennett Closner with accrued interest from the date of deposit;
5. $212.67 to John James Closner, III, in his capacity as Executor of the Estate of John James Closner a/k/a John J. Closner, Jr. with accrued interest from the date of deposit;
6. $39.88 to Paul Closner Hampton with accrued interest from the date of deposit;

---

[28] Dkt. No. 23.

    7. $39.88 to Shameen K. Hampton, in her capacity as Executrix of the Estate of Frederick Eugene Hampton with accrued interest from the date of deposit;

    8. $79.75 to Richard "Dick" Anthony Ross, in his capacity as Executor of the Estate of Jeannette Closner Ross with accrued interest from the date of deposit;

    9. $53.17 to Mary Kathryn Griffin Norris, in her capacity as Executrix of the Estate of John William Griffin with accrued interest from the date of deposit;

    10. $26.58 to Barbara Louise Griffin with accrued interest from the date of deposit;

    11. $26.58 to Carolyn Davis Williams with accrued interest from the date of deposit; and

    12. $53.17 to John Calhoun Monk, Jr., in his capacity as the Executor of the Estate of Elizabeth Closner Griffin, a/k/a Elizabeth Closner Griffin Monk with accrued interest from the date of deposit.

g. If the landowners transferred possession by means of the unrecorded transfer, or transferred possession after the filing of the Declaration of Taking, and it is determined by a court of competent jurisdiction that another person or entity maintained an interest in the property and is entitled to just compensation for such an interest, the landowner shall hold the United States harmless for any costs and expenses resulting from such a transfer and shall refund into the registry of the Court the compensation distributed herein, or such part thereof as the Court may direct, with interest thereon calculated in accordance with the provision of 40 U.S.C. § 3116, from the date of the receipt of the award by the landowner to the date of repayment into the Court's registry.

h. Defendants shall be responsible for their own legal fees, costs, and expenses, including attorney fees, consultant fees, and any other expenses or costs.

i.  There being no outstanding taxes or assessments due or owing, Defendants are responsible for the payment of any additional taxes or assessments which he or she otherwise owes on the interest in the property taken in this proceeding on the date of taking.

j.  Defendants shall take no appeal from any rulings or judgments made by the Court in this action, and the parties consent to the entry of all motions, orders, and judgments necessary to effectuate this stipulated judgment.

k.  Defendants warrant that they are unaware of any unrecorded leases or agreements affecting the interests in the property taken in this proceeding on the date of taking.

l.  This joint stipulation and motion is binding on the heirs, trustees, executors, administrators, devisees, successors, assigns, agents, and representatives of Defendants.

m.  Defendants do not seek revestment regardless of whether the United States proceeds with the purposed described in Schedule "B" of the Declaration of Taking and wish to proceed with finalizing this condemnation proceeding.

n.  The parties request that the Court enter an order closing this case on the Court's docket.

FOR DEFENDANT
HIDALGO COUNTY, TEXAS:

By: *s/ Gregory P. Kerr (with permission)*
GREGORY P. KERR
Federal ID Number: 2248227
State Bar Number: 24078781
Email: gkerr@jgkl.com
JONES, GALLIGAN, KEY &
LOZANO, LLP.
2300 W. Pike Blvd., Suite 300
Weslaco, TX 78596
Telephone: (956) 968-5402
Facsimile: (956) 969-9402

FOR DEFENDANTS
WITH PERMISSION:

*s/ Carolyn Davis Williams (with permission)*
Carolyn Davis Williams

*s/ Frank W. Closner (with permission)*
Frank W. Closner

*s/ Shameen K. Hampton (with permission)*
Shameen K. Hampton, in her capacity as
Executrix of the Estate of Frederick
Eugene Hampton

*s/ George Bennett Closner (with permission)*
George Bennett Closner a/k/a
Bennett Closner

*s/ John James Closner, III (with permission)*
John James Closner, III, in his capacity as
Executor of the Estate of John James
Closner a/k/a John J. Closner, Jr.

*s/ Richard "Dick" Anthony Ross (with permission)*
Richard "Dick" Anthony Ross, in his capacity as
Executor of the Estate of Jeannette Closner Ross

Respectfully submitted,

**JENNIFER B. LOWERY**
Acting United States Attorney
Southern District of Texas


By: *s/ N. Joseph Unruh*
**N. JOSEPH UNRUH**
Assistant United States Attorney
Southern District of Texas No. 1571957
Texas Bar No. 24075198
1701 W. Bus. Hwy. 83, Suite 600
McAllen, TX 78501
Telephone: (956) 618-8010
Facsimile: (956) 992-9425
Email: Neil.Unruh@usdoj.gov
Attorney in Charge for Plaintiff

and

*s/ Chanmealea Thou*
**CHANMEALEA THOU**
Assistant United States Attorney
Southern District of Texas No. 3596627
California Bar No. 326469
11204 McPherson Road, Suite 100A
Laredo, Texas 78045
Telephone: (956) 721-4977
Facsimile: (956) 992-9425
E-mail: Chanmealea.Thou2@usdoj.gov
Attorney for Plaintiff

*s/ Mary Kathryn Griffin Norris (with permission)*
Mary Kathryn Griffin Norris, in her capacity as
Executrix of the Estate of John William Griffin

*s/ Barbara Louise Griffin (with permission)*
Barbara Louise Griffin

*s/ John Closner Clancey (with permission)*
John Closner Clancey, in his capacity as
Executor of the Estate of Annette Closner Clancey

*s/ John Calhoun Monk, Jr. (with permission)*
John Calhoun Monk, Jr., in his capacity as
Executor of the Estate of Elizabeth Closner Griffin,
a/k/a Elizabeth Closner Griffin Monk

*s/ Paul Closner Hampton (with permission)*
Paul Closner Hampton

## CERTIFICATE OF SERVICE

I, N. Joseph Unruh, Assistant United States Attorney for the Southern District of Texas, hereby certify that on August 11, 2021, a copy of the foregoing was served on all parties in accordance with the Federal Rules of Civil Procedure.

*s/ N. Joseph Unruh*
N. JOSEPH UNRUH
Assistant United States Attorney