UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 7:20-CV-420 |
| | § | |
| 0.647 ACRES OF LAND, MORE OR LESS, *et al*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

**ORDER**

Before the Court is the "Joint Motion for Order Establishing Just Compensation, Granting Possession, and Distributing Funds on Deposit in the Registry of the Court for Tracts RGV-WSL-2023 & RGV-WSL-2023-1" filed by the United States of America and Defendants: (1) Hidalgo County, Texas; (2) John Closner Clancey, in his capacity as Executor of the Estate of Annette Closner Clancey; (3) Frank W. Closner; (4) George Bennett Closner, a/k/a Bennett Closner; (5) John James Closner, III, in his capacity as Executor of the Estate of John James Closner a/k/a John J. Closner, Jr.; (6) Paul Closner Hampton; (7) Shameen K. Hampton, in her capacity as Executrix of the Estate of Frederick Eugene Hampton; (8) Richard "Dick" Anthony Ross, in his capacity as Executor of the Estate of Jeannette Closner Ross; (9) Mary Kathryn Griffin Norris, in her capacity as Executrix of the Estate of John William Griffin; (10) Barbara Louise Griffin; (11) Carolyn Davis Williams; and (12) John Calhoun Monk, Jr., in his capacity as the Executor of the Estate of Elizabeth Closner Griffin, a/k/a Elizabeth Closner Griffin Monk.[1] The parties agree on just

[1] Dkt. No. 51.

compensation as to Tracts RGV-WSL-2023 & RGV-WSL-2023-1 ("Subject Property") and now seek an order: (1) establishing just compensation; (2) granting immediate possession of the Subject Property to the United States; (3) distributing the stipulated just compensation; and (4) closing this case on the Court's docket.

## I. BACKGROUND

This case was commenced on December 18, 2020, seeking acquisition of a fee simple estate in property identified as Tracts RGV-WSL-2023 & RGV-WSL-2023-1.[2] On January 13, 2021, the United States deposited $4,300.00 into the Registry of the Court as estimated just compensation for the Subject Property.[3]

The United States obtained a waiver of service of judicial process from Defendants/landowners: Barbara Griffin[4], Carolyn Williams[5], Frank W. Closner[6], George Bennett Closner[7], George Douglas Clancey[8], Pablo "Paul" Villarreal, Jr., Hidalgo County Tax Assessor-Collector[9], John Closner Clancey in his capacity as the Executor of the Estate of Annette Closner Clancey[10], John James "Jay Closner, III, a/k/a John Closner, III, a/k/a John J. Closner, III in his capacity as the Executor of the Estate of John James Closner a/k/a John J. Closner, Jr.[11], Paul Hampton[12], Richard "Dick" Anthony Ross a/k/a Dick Ross in his capacity as the Executor of the Estate of Jeannette Closner Ross[13], Mary Kathryn Griffin Norris in her capacity as the Executrix

---

[2] Dkt. Nos. 1 & 3.
[3] Dkt. No. 3, Schedule F; Dkt. No. 23.
[4] Dkt. No. 6.
[5] Dkt. No. 7.
[6] Dkt. No. 8.
[7] Dkt. No. 9.
[8] Dkt. No. 10.
[9] Dkt. No. 11. The Hidalgo County Tax Assessor-Collector subsequently executed a disclaimer and was dismissed from the case. *See* FN 23 & 24.
[10] Dkt. Nos. 12 & 45.
[11] Dkt. Nos. 13 & 45.
[12] Dkt. No. 14.
[13] Dkt. Nos. 15 & 45.

of the Estate of John William Griffin[14], and Hidalgo County, Texas.[15]

The United States personally served Kathleen Serna, Executrix for the Estate of Carlos Serna with summons a notice of condemnation.[16] The United States also served notice of condemnation to "The Unknown Heirs of John Closner and The Unknown Heirs of Alice Closner" via publication.[17] However, no heirs have made an appearance or otherwise notified the United States of their potential interest in the Subject Property.

The United States obtained disclaimers from Defendants Ann Closner Barnett[18], Carmela Robinson[19], Gail Griffin Thomason[20], John Calhoun Monk, Jr.[21], Pamela C Hudson[22], and Pablo "Paul" Villarreal, Jr., Hidalgo County Tax Assessor Collector,[23] who were ultimately dismissed from the case on January 29, 2021.[24]

On July 1, 2021, the Court granted a motion to add Shameen K. Hampton, in her capacity as the Executrix of the Estate of Frederick Eugene Hampton, and John Calhoun Monk, Jr., in his capacity as the Executor of the Estate of Elizabeth Closner Griffin a/k/a Elizabeth Griffin Monk as defendants.[25] Both defendants waived service of judicial process.[26]

On July 8, 2021, the Court determined that Tract RGV-WSL-2023 and 0.60 acres of Tract RGV-WSL-2023-1 was solely owned by Defendant Hidalgo County, Texas.[27] Moreover, the Court determined that the remaining 0.288 acres of RGV-WSL-2023-1 were owned by: (1)

[14] Dkt. Nos. 16 & 45.
[15] Dkt. No. 22.
[16] Dkt. No. 34.
[17] Dkt. Nos. 28 & 33.
[18] Dkt. No. 17.
[19] Dkt. No. 18.
[20] Dkt. No. 19.
[21] Dkt. No. 20. Mr. Monk disclaimed and was dismissed in his individual capacity.
[22] Dkt. No. 21.
[23] Dkt. No. 37.
[24] Dkt. Nos. 24 & 38.
[25] Dkt. Nos. 42 & 44.
[26] Dkt. Nos. 49 & 50.
[27] Dkt. No. 48.

Hidalgo County, Texas (1/2 undivided interest); (2) John Closner Clancey, in his capacity as Executor of the Estate of Annette Closner Clancey (1/9 undivided interest); (3) Frank W. Closner (1/18 undivided interest); (4) George Bennett Closner, a/k/a Bennett Closner (1/18 undivided interest); (5) John James Closner, III, in his capacity as Executor of the Estate of John James Closner a/k/a John J. Closner, Jr. (1/9 undivided interest); (6) Paul Closner Hampton (1/48 undivided interest); (7) Shameen K. Hampton, in her capacity as Executrix of the Estate of Frederick Eugene Hampton (1/48 undivided interest); (8) Richard "Dick" Anthony Ross, in his capacity as Executor of the Estate of Jeannette Closner Ross (1/24 undivided interest); (9) Mary Kathryn Griffin Norris, in her capacity as Executrix of the Estate of John William Griffin (1/36 undivided interest); (10) Barbara Louise Griffin (1/72 undivided interest); (11) Carolyn Davis Williams (1/72 undivided interest); and (12) John Calhoun Monk, Jr., in his capacity as the Executor of the Estate of Elizabeth Closner Griffin, a/k/a Elizabeth Closner Griffin Monk (1/36 undivided interest).[28]

## II. STIPULATION AND JUDGMENT

The United States and Defendants: (1) Hidalgo County, Texas; (2) John Closner Clancey, in his capacity as Executor of the Estate of Annette Closner Clancey; (3) Frank W. Closner; (4) George Bennett Closner, a/k/a Bennett Closner; (5) John James Closner, III, in his capacity as Executor of the Estate of John James Closner a/k/a John J. Closner, Jr.; (6) Paul Closner Hampton; (7) Shameen K. Hampton, in her capacity as Executrix of the Estate of Frederick Eugene Hampton; (8) Richard "Dick" Anthony Ross, in his capacity as Executor of the Estate of Jeannette Closner Ross; (9) Mary Kathryn Griffin Norris, in her capacity as Executrix of the Estate of John William Griffin; (10) Barbara Louise Griffin; (11) Carolyn Davis Williams; and (12) John Calhoun Monk,

[28] *Id.*

Jr., in his capacity as the Executor of the Estate of Elizabeth Closner Griffin, a/k/a Elizabeth Closner Griffin Monk now agree and stipulate that the proper just compensation for Tract RGV-WSL-2023 & RGV-WSL-2023-1 in this action is $4,300.00, and this is in full satisfaction of any claim of whatsoever nature by Defendants against the United States for the institution and prosecution of the above-captioned action. The parties request a final judgment be entered against the United States in the amount of $4,300.00 for Tract RGV-WSL-2023 & RGV-WSL-2023-1.

The parties seek immediate disbursement of the funds on deposit in the Registry of the Court and have agreed that the funds should be disbursed as follows:

1. $3,342.97 to Hidalgo County, Texas with accrued interest from the date of deposit;
2. $212.67 to John Closner Clancey, in his capacity as Executor of the Estate of Annette Closner Clancey with accrued interest from the date of deposit;
3. $106.34 to Frank W. Closner with accrued interest from the date of deposit;
4. $106.34 to George Bennett Closner, a/k/a Bennett Closner with accrued interest from the date of deposit;
5. $212.67 to John James Closner, III, in his capacity as Executor of the Estate of John James Closner a/k/a John J. Closner, Jr. with accrued interest from the date of deposit;
6. $39.88 to Paul Closner Hampton with accrued interest from the date of deposit;
7. $39.88 to Shameen K. Hampton, in her capacity as Executrix of the Estate of Frederick Eugene Hampton with accrued interest from the date of deposit;
8. $79.75 to Richard "Dick" Anthony Ross, in his capacity as Executor of the Estate of Jeannette Closner Ross with accrued interest from the date of deposit;
9. $53.17 to Mary Kathryn Griffin Norris, in her capacity as Executrix of the Estate of John William Griffin with accrued interest from the date of deposit;

10. $26.58 to Barbara Louise Griffin with accrued interest from the date of deposit;
11. $26.58 to Carolyn Davis Williams with accrued interest from the date of deposit; and
12. $53.17 to John Calhoun Monk, Jr., in his capacity as the Executor of the Estate of Elizabeth Closner Griffin, a/k/a Elizabeth Closner Griffin Monk with accrued interest from the date of deposit.

Based on the foregoing, the Court finds that since the parties are in agreement about the amount of compensation, just compensation has been established. Final judgement is hereby entered against the United States in the amount of $4,300.00, along with any accrued interest. This sum is in full satisfaction of any claims whatsoever by Defendants: (1) Hidalgo County, Texas; (2) John Closner Clancey, in his capacity as Executor of the Estate of Annette Closner Clancey; (3) Frank W. Closner; (4) George Bennett Closner, a/k/a Bennett Closner; (5) John James Closner, III, in his capacity as Executor of the Estate of John James Closner a/k/a John J. Closner, Jr.; (6) Paul Closner Hampton; (7) Shameen K. Hampton, in her capacity as Executrix of the Estate of Frederick Eugene Hampton; (8) Richard "Dick" Anthony Ross, in his capacity as Executor of the Estate of Jeannette Closner Ross; (9) Mary Kathryn Griffin Norris, in her capacity as Executrix of the Estate of John William Griffin; (10) Barbara Louise Griffin; (11) Carolyn Davis Williams; and (12) John Calhoun Monk, Jr., in his capacity as the Executor of the Estate of Elizabeth Closner Griffin, a/k/a Elizabeth Closner Griffin Monk against the United States for the institution and prosecution of the above-captioned action. The total said sum of $4,300.00, with accrued interest, shall be subject to all taxes, liens, encumbrances, and charges of whatsoever nature existing against the interests in the property taken in this proceeding at the time of vesting of title in the United States, and all such real estate taxes, liens, encumbrances, and charges of whatsoever nature shall be payable to and deductible from this amount. There being no outstanding taxes or assessments

due or owing, Defendants are responsible for the payment of any additional taxes or assessments, which they otherwise owe on the interests in the property taken in this proceeding on the date of the taking.

The parties have further agreed, if the landowners transferred possession by means of the unrecorded transfer, or transferred possession after the filing of the Declaration of Taking, and it is determined by a court of competent jurisdiction that another person or entity maintained an interest in the property and is entitled to just compensation for such an interest, the landowner shall hold the United States harmless for any costs and expenses resulting from such a transfer and shall refund into the registry of the Court the compensation distributed herein, or such part thereof as the Court may direct, with interest thereon calculated in accordance with the provision of 40 U.S.C. § 3116, from the date of the receipt of the award by the landowner to the date of repayment into the Court's registry.[29]

Additionally, the Court finds that the United States is entitled to immediate possession of the Subject Property, and all persons in possession or in control of the interests taken in the Subject Property are ordered by this Court to surrender possession to the United States.

The parties have also agreed that the parties shall be responsible for their own legal fees, costs, and expenses, including attorneys' fees, consultants' fees, and any other expenses or costs.[30] The parties also agree that Defendants shall take no appeal from any rulings or judgments made by the Court in this action, and the parties consent to the entry of all motions, orders, and judgments necessary to accomplish their stipulated final judgment.[31]

---

[29] Dkt. No. 51, p. 6, ¶ 7(g).
[30] *Id.* at p. 6, ¶ 7(h).
[31] *Id.* at p. 7, ¶ 7(j).

Finally, the parties have agreed that Defendants warrant that they are unaware of any unrecorded leases or agreements affecting the interest in the property taken in this proceeding on the date of taking.[32]

## III. HOLDING

The Court **ORDERS** the Clerk of Court to **DISBURSE** the total sum of four thousand three hundred dollars and 00/100 ($4,300.00)**, along with any accrued interest earned thereon while on deposit**, payable by check as follows:

1. $3,342.97 to Hidalgo County, Texas with accrued interest from the date of deposit;
2. $212.67 to John Closner Clancey, in his capacity as Executor of the Estate of Annette Closner Clancey with accrued interest from the date of deposit;
3. $106.34 to Frank W. Closner with accrued interest from the date of deposit;
4. $106.34 to George Bennett Closner, a/k/a Bennett Closner with accrued interest from the date of deposit;
5. $212.67 to John James Closner, III, in his capacity as Executor of the Estate of John James Closner a/k/a John J. Closner, Jr. with accrued interest from the date of deposit;
6. $39.88 to Paul Closner Hampton with accrued interest from the date of deposit;
7. $39.88 to Shameen K. Hampton, in her capacity as Executrix of the Estate of Frederick Eugene Hampton with accrued interest from the date of deposit;
8. $79.75 to Richard "Dick" Anthony Ross, in his capacity as Executor of the Estate of Jeannette Closner Ross with accrued interest from the date of deposit;
9. $53.17 to Mary Kathryn Griffin Norris, in her capacity as Executrix of the Estate of John William Griffin with accrued interest from the date of deposit;

[32] *Id.* at p. 7, ¶ 7(k).

10. $26.58 to Barbara Louise Griffin with accrued interest from the date of deposit;
11. $26.58 to Carolyn Davis Williams with accrued interest from the date of deposit; and
12. $53.17 to John Calhoun Monk, Jr., in his capacity as the Executor of the Estate of Elizabeth Closner Griffin, a/k/a Elizabeth Closner Griffin Monk with accrued interest from the date of deposit.

**IT IS HEREBY ORDERED** that this case be DISMISSED and CLOSED on the Court's docket.

SO ORDERED this 17th day of August, 2021, at McAllen, Texas.

Randy Crane
United States District Judge

